UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                :
BYRON WALKER,                   :
                                :
          Petitioner,           :     Civ. No. 16-561 (NLH)
                                :
     v.                         :     OPINION
                                :
FAIRTON WARDEN KIRBY,           :
                                :
          Respondent.           :
_____:

APPEARANCES:
Byron Walker, # 46692-004
FCI Fairton
P.O. Box 420
Fairton, NJ 08320
     Petitioner Pro se

HILLMAN, District Judge

     Petitioner Byron Walker, a prisoner confined at the Federal
Correctional Institution ("FCI") in Fairton, New Jersey, filed
this writ of habeas corpus under 28 U.S.C. § 2241, challenging
his conviction and sentence. (ECF No. 1).  On February 8, 2016,
the Court administratively terminated this action due to
Petitioner's failure to satisfy the filing fee requirement. (ECF
No. 2).  On or about February 16, 2016, Petitioner paid the $5
filing fee and this matter was reopened for review by a judicial
officer.  Petitioner names as party respondent, the Warden at
FCI Fairton pursuant to 28 U.S.C. § 2242.  Because it appears
from a review of the Petition that this Court lacks jurisdiction

under 28 U.S.C. § 2241, the Petition will be dismissed without prejudice.

## I.   BACKGROUND

The following facts are taken from the Petition, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Petitioner's allegations.

Petitioner provides little information in his Petition.  He does not specify the charges for which he was convicted and states only that he was sentenced by the United States District Court for the Southern District of Florida on June 2, 1995. (Pet. 1, ECF No. 1).  He further states that he filed two appeals, which were denied on September 2, 1999 and April 21, 2000, as well as a writ of certiorari to the United States Supreme Court, which he filed on May 2, 2000, and was subsequently denied. (Id. at 2, 3).  Petitioner also filed a motion under 28 U.S.C. § 2255 challenging his conviction and sentence, which the United States District Court for the Southern District of Florida denied on May 16, 2002. (Id. at 4).

Due to the limited information provided in the Petition, this Court conducted a PACER search to verify the procedural and factual history relevant to the conviction now challenged by Petitioner in this § 2241 habeas petition.  The search revealed multiple post-conviction filings, including a § 2241 petition filed before this Court.  The following factual and procedural

2

history is taken from this Court's March 2, 2012 opinion

dismissing a previous § 2241 habeas petition for lack of

jurisdiction:

> Pursuant to a judgment of conviction entered on
> November 4, 1994, in the United States District Court
> for the Southern District of Florida (Miami), a jury
> found Petitioner guilty of the following charges:
> conspiracy to possess with the intent to distribute
> cocaine, in violation of 21 U.S.C. §§ 846 and
> 841(a)(1); using or carrying a firearm during and in
> relation to a drug trafficking crime, in violation of
> 18 U.S.C. § 924(c) and 18 U.S.C. § 2; and possession
> of unregistered machine gun, in violation of 26 U.S.C.
> § 5861(d) and § 5871 and 18 U.S.C. § 2.  The jury also
> answered verdict interrogatories finding that
> Petitioner and his co-defendants had knowingly used or
> carried a "machine gun," and that each had knowingly
> used or carried a firearm "equipped with a silencer."
> Petitioner was sentenced to an aggregated prison term
> of 624 months to be followed with five years
> supervised release.

> Petitioner filed a timely notice of appeal.  On
> September 2, 1999, the United States Court of Appeals
> for the Eleventh Circuit issued a per curiam opinion
> affirming Petitioner's conviction and sentence.  On
> October 2, 2000, the United States Supreme Court
> denied his petition for a writ of certiorari. Walker
> v. United States, 531 U.S. 837, 121 S. Ct. 97, 148
> L.Ed.2d 56 (2000).

> On September 26, 2001, Petitioner filed a motion to
> vacate, set aside, or correct his sentence, pursuant
> to 28 U.S.C. § 2255, alleging two grounds for relief.
> Namely, Petitioner asserted (1) a claim of ineffective
> assistance of appellate counsel for failure to
> challenge the absence of a Pinkerton instruction, and
> (2) that his Fifth Amendment right of due process and
> his Sixth Amendment right to a trial by jury were
> violated when he was charged and convicted by a jury
> for conspiracy to possess with intent to distribute a
> detectable amount of cocaine, but was sentenced for an
> amount that had not been proven beyond a reasonable
> doubt.  The second claim was based on the then-recent

Supreme Court decision in Apprendi v. New Jersey, 530
U.S. 466, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000).
(See Walker v. United States of America, Civil No.
1:01-cv-03990-DTKH (United States District Court for
the Southern District of Florida (Miami)) at Docket
entry nos. 1 and 3).

On May 16, 2002, an Order was entered in the United
States District Court for the Southern District of
Florida denying Petitioner's § 2255 motion for the
reasons stated in the Report and Recommendation of the
Magistrate Judge filed on April 30, 2002. (Id, Docket
entry nos. 18 and 19).  Petitioner appealed to the
Eleventh Circuit, and on or about August 31, 2004, a
mandate of the Eleventh Circuit was issued, including
the certified copy of the judgment and opinion of the
Eleventh Circuit (decided January 29, 2004), which
affirmed the denial of Petitioner's § 2255 motion.
(Id., Docket entry no. 33).

Thereafter, on or about April 19, 2010, Petitioner
filed a motion for relief from judgment pursuant to
FED. R. CIV. P. 60(b), namely, with respect to the
denial of his § 2255 motion. (Id., Docket entry no.
39).  In an Order entered on April 26, 2010, the
district court denied Petitioner's Rule 60(b) motion.
The court held that "[b]ecause petitioner is
essentially attacking this court's previous resolution
of his § 2255 petition on the merits, the instant Rule
60(b) motion operates as a second or successive motion
to vacate, and petitioner is required to move to the
Eleventh Circuit Court of Appeals for an order
authorizing this court to consider it as a successive
habeas petition.  Without such authorization, this
court lacks subject matter jurisdiction to determine
the motion. See generally Torres v. United States,
2009 WL 3030207 (11th Cir. 2009); United States v.
Winston, 2009 WL 3080848 (11th Cir. 2009)." (Id.,
Docket entry no. 41 at pp. 2-3). On or about May 13,
2010, Petitioner filed an appeal from the April 26,
2010 Order to the Eleventh Circuit. He also moved for
a certificate of appealability. (Id., Docket entry
nos. 46 and 47).  On June 29, 2010, the district court
dismissed the motion for a certificate of
appealability for lack of subject matter jurisdiction.
(Id., Docket entry no. 50).  On November 24, 2010, the
Eleventh Circuit denied Petitioner's motion for

issuance of a certificate of appealability because
Petitioner failed to make the requisite showing of the
denial of a constitutional right. (Id., Docket entry
no. 58).

Walker v. Shartle, No. 11-4518 (NLH), 2012 WL 714448, at *1-2

(D.N.J. Mar. 2, 2012) (footnote omitted).

This Court also notes that in 2004 Petitioner filed a

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241

before the United States District Court in the District of

Kansas alleging that his sentence should be reduced following

the decision of the United States Supreme Court in Castillo v.

United States, 530 U.S. 120, 120 S. Ct. 2090, 147 L.Ed.2d 94

(2000). Walker v. Gallegos, No. 05-3303-RDR (D. Kan.).  In

dismissing his petition, the United States District Court for

the District of Kansas held that the petition was essentially a

challenge to the validity of his sentence and Petitioner had not

properly invoked the safety valve[1] pursuant to § 2241 by showing

that the remedy under § 2255 was inadequate or ineffective.

Walker v. Gallegos, No. 05-3303-RDR, 2005 WL 1842747, at *1 (D.

Kan. Aug. 1, 2005).

In 2011, Petitioner filed a habeas petition pursuant to 28

U.S.C. § 2241 and/or 28 U.S.C. § 1651 before this Court,

challenging the constitutionality of his custody and the

---

[1] As discussed in greater detail below, the "safety valve" of §
2255 permits a petitioner to resort to filing a petition under §
2241 in certain, limited circumstances.

5

execution of his sentence. <u>Walker v. Shartle</u>, No. 11-4518 (NLH) (D.N.J. Aug. 5, 2011).  In that petition, he also asserted claims of "Factual/Actual Innocence and Fundamental Miscarriage of Justice" as exceptions that would permit him to seek habeas relief. (<u>Id.</u>).  On March 2, 2012, this Court dismissed the habeas action for lack of jurisdiction, finding that it was a prohibited second or successive motion under 28 U.S.C. § 2255. <u>Walker v. Shartle</u>, No. 11-4518 NLH, 2012 WL 714448, at *1.

On or about May 12, 2014, Petitioner filed a second motion pursuant to 28 U.S.C. § 2255 in the Southern District of Florida. <u>Walker v. United States</u>, No. 14-21738, (S.D. Fl. May 12, 2014).  In that motion, Petitioner claimed his sentence should be vacated because of the Supreme Court's ruling in <u>Alleyne v. United States</u>, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013).  In an Order dated May 27, 2014, the United States District Court for the Southern District of Florida adopted the Report and Recommendation of the Magistrate Judge and dismissed the petition as a second or successive motion under § 2255 for which Petitioner had not sought authorization to file from the Eleventh Circuit Court of Appeals. Final Judgment Dismissing Motion, <u>Walker v. United States</u>, No. 14-21738 (S.D. Fl. May 27, 2014), ECF No. 7.

Petitioner then filed the instant habeas petition pursuant to 28 U.S.C. § 2241 and asserts that he is actually innocent of

the 22 year enhancement imposed under 21 U.S.C. § 841(b)(1)(c).
(Pet. 6, ECF No. 1).  Petitioner further asserts that § 2255 is
inadequate or ineffective to challenge his conviction or
sentence because he was sentenced prior to the Supreme Court's
decision in Burrage v. United States, 134 S. Ct. 881, 187 L. Ed.
2d 715 (2014).  For the reasons set forth below, the instant
Petition will be dismissed.

## II.  STANDARD OF REVIEW

United States Code Title 28, Section 2243, provides in
relevant part as follows:

> A court, justice or judge entertaining an application
> for a writ of habeas corpus shall forthwith award the
> writ or issue an order directing the respondent to
> show cause why the writ should not be granted, unless
> it appears from the application that the applicant or
> person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than
more formal pleadings drafted by lawyers. Estelle v. Gamble, 429
U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).
A pro se habeas petition must be construed liberally. See
Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002).
Nevertheless, a federal district court can dismiss a habeas
corpus petition if it appears from the face of the petition that
the petitioner is not entitled to relief. See Denny v. Schult,
708 F.3d 140, 148 n. 3 (3d Cir. 2013); see also 28 U.S.C. §§
2243, 2255.

III. <u>DISCUSSION</u>

A. <u>Safety Valve</u>

"It is axiomatic that federal courts are courts of limited jurisdiction, and as such are under a continuing duty to satisfy themselves of their jurisdiction before proceeding to the merits of any case." <u>Packard v. Provident Nat. Bank</u>, 994 F.2d 1039, 1049 (3d Cir. 1993) (citations omitted), cert. denied, 510 U.S. 946 (1993); <u>see also</u> <u>Gunn v. Minton</u>, 133 S.Ct. 1059, 1064 (2013); <u>Bender v. Williamsport Area School District</u>, 475 U.S. 534, 541 (1986).  Here, Petitioner has asserted jurisdiction under 28 U.S.C. § 2241.  For the reasons set forth below, this Court finds that it lacks jurisdiction to consider this Petition.

As noted by the Court of Appeals for the Third Circuit in <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. <u>See also</u> <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002); <u>United States v. McKeithan</u>, 437 F. App'x 148, 150 (3d Cir. 2011); <u>United States v.  Walker</u>, 980 F. Supp. 144, 145–46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." See 28 U.S.C. § 2255(e). In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

The Court of Appeals for the Third Circuit subsequently emphasized the narrowness of its Dorsainvil holding when it

rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>See Okereke</u>, 307 F.3d at 120-21 (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the preponderance of evidence standard).   Similarly, § 2255 is not "inadequate or ineffective" to address a claim based upon <u>Booker</u>,[2] which is an extension of <u>Apprendi</u>. <u>See</u> <u>Smith v. Nash</u>, 145 F. App'x 727 (3d Cir. 2005), cert. denied, 126 S.Ct. (U.S. Oct. 31, 2005).   In addition, the mere fact that a claim is time barred does not render § 2255 an inadequate or ineffective remedy. <u>See</u> <u>Cradle v. United States</u>, 290 F.3d 536, 539 (3d Cir. 2002).[3]

---

[2] <u>United States v. Booker</u>, 543 U.S. 220 (2005).

[3] Motions under § 2255 must be made within one year of "(1) the date on which the judgment of conviction becomes final; ... [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Thus, under <u>Dorsainvil</u> and its progeny, this Court could exercise § 2241 jurisdiction over this Petition if, and only if, Petitioner demonstrates: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review. <u>See Dorsainvil</u>, 119 F.3d at 251–52; <u>Cradle</u>, 290 F.3d at 539; <u>Okereke</u>, 307 F.3d at 120; <u>Trenkler v. Pugh</u>, 83 F. App'x 468, 470 (3d Cir. 2003).

B. <u>Analysis</u>

Here, Petitioner has failed to bring his claim within the <u>Dorsainvil</u> exception.

As an initial matter, the Supreme Court's decision in <u>Burrage</u> did not decriminalize the conduct for which Petitioner was convicted. With respect to a challenge to the validity of a conviction or sentence based on the Supreme Court's decision in <u>Burrage</u>, the Court of Appeals for the Third Circuit recently stated:

> We agree with the MDPA that this case is not one of the rare instances where § 2255 would be inadequate or ineffective. The Supreme Court's decision in <u>Burrage</u> did not decriminalize the conduct for which Dixon was convicted. Rather, <u>Burrage</u> merely applied <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and one of <u>Apprendi's</u> progeny, <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013). <u>See Burrage</u>, 134 S. Ct. at 887. We have previously held that a § 2255 motion is not an inadequate or ineffective vehicle for raising an Apprendi-based argument. <u>See Okereke</u>, 307 F.3d at 120–21. Accordingly, the MDPA correctly concluded that Dixon could not resort to § 2241 to raise his <u>Burrage</u>

claim, and the MDPA did not err in denying his motion to reconsider.

Dixon v. Warden of FCI Schuylkill, No. 15-4089, 2016 WL 1568147, at *2 (3d Cir. Apr. 19, 2016) (footnote omitted); see also, e.g., Rodriguez v. Warden Lewisburg USP, No. 15-3555, 2016 WL 1127869, at *3 (3d Cir. Mar. 23, 2016) (noting that Burrage did not provide a basis for granting motion for reconsideration of order dismissing petitioner's § 2241 petition); Gibson v. Thomas, No. 3:CV-14-0820, 2016 WL 213618, at *5 (M.D. Pa. Jan. 19, 2016) (holding that § 2241 petitioner's argument based on Burrage that he was improperly given a sentencing enhancement was "insufficient to fall within the Dorsainvil exception because it presents argument that he is factually innocent of a sentencing enhancement as opposed to being factually innocent of the crime for which he was convicted") (citing United States v. Brown, 456 F. App'x 79, 81 (3d Cir. 2012) (per curiam) ("We have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal.").

Further, as described above, the Petitioner has filed several other habeas petitions and at least two § 2255 petitions in the Southern District of Florida — one of which was filed after the Supreme Court rendered its decision in Burrage. See

Walker v. United States, No. 14-21738 (S.D. Fl. May 12, 2014).
He therefore had the opportunity to challenge the
constitutionality of his sentence in earlier proceedings.

For the reasons set forth above, Petitioner has failed to
bring this claim within the safety valve of § 2255, see
Dorsainvil, 119 F.3d at 251-52, and this Court lacks
jurisdiction to consider the Petition under § 2241.  Instead,
the Petition is more appropriately characterized as a second or
successive motion under § 2255, which Petitioner has not
received authorization to file[4], and over which this Court also
lacks jurisdiction.

If a "second or successive" habeas petition is filed in the
district court without authorization from the appropriate court
of appeals, the district court may dismiss for lack of
jurisdiction or transfer the petition to the court of appeals
pursuant to 28 U.S.C. § 1631. See Padilla v. Miner, 150 F. App'x
116 (3d Cir. 2005); Littles v. United States, 142 F. App'x 103,
104 n. 1 (3d Cir. 2005) (citing Robinson v. Johnson, 313 F.3d
128, 139 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003)).
However, because § 2244(b) is effectively "'an allocation of
subject-matter jurisdiction to the court of appeals,'" Robinson

---

[4] Petitioner makes no allegation that he sought, or received,
permission from the Eleventh Circuit to file a second or
successive motion under § 2255.

v. Johnson, 313 F.3d at 140 (quoting Nunez v. United States, 96
F.3d 990, 991 (7th Cir. 1996)), a district court may dismiss
such a petition only without prejudice. See Ray v. Eyster, 132
F.3d 152, 155-56 (3d Cir. 1997).

As Petitioner has already filed a § 2255 motion in the
trial court, and cannot file a second or successive motion
without leave of the appropriate Court of Appeals, this Court
must determine whether transfer of this Petition to the Court of
Appeals for the Eleventh Circuit, for consideration as an
application for leave to file a "second or successive" petition,
would be in the interest of justice. Under 28 U.S.C. §§ 2244
and 2255, the Court of Appeals may authorize the filing of a
second or successive § 2255 motion only if it contains "(1)
newly discovered evidence that, if proven and viewed in light of
the evidence as a whole, would be sufficient to establish by
clear and convincing evidence that no reasonable factfinder
would have found the movant guilty of the offense, or (2) a new
rule of constitutional law, made retroactive to cases on
collateral review by the Supreme Court, that was previously
unavailable." 28 U.S.C. § 2255(h).

In this case, Petitioner does not allege as a ground for
relief any of those for which a Court of Appeals may authorize
the filing of a second or successive § 2255 petition. The
instant Petition is premised entirely on the Supreme Court's

holding in Burrage and, even assuming the holding is applicable
to the circumstances of Petitioner's case, it is unlikely that
the Eleventh Circuit would grant Petitioner leave to assert his
claims under Burrage in a second or successive petition. See,
e.g., Alvarez v. Hastings, No. CV214-070, 2014 WL 4385703, at *1
(S.D. Ga. Sept. 5, 2014) report and recommendation adopted, No.
CV214-070, 2014 WL 5364189 (S.D. Ga. Oct. 21, 2014), appeal
dismissed (July 13, 2015) ("The Eleventh Circuit found that
Burrage did not set forth a new rule of constitutional law, but,
even if this decision had, the United States Supreme Court did
not expressly hold that Burrage is retroactively applicable to
cases on collateral review."); see also 11th Cir. Order Denying
Application for Leave to File Successive 2255, Alvarez v. United
States, No. 214-070 (S.D. Ga. July 9, 2014) ECF No. 9-9.

Moreover, as set forth above, motions under § 2255 must be
made within one year of "(1) the date on which the judgment of
conviction becomes final; . . . [or] (3) the date on which the
right asserted was initially recognized by the Supreme Court, if
that right has been newly recognized by the Supreme Court and
made retroactively applicable to cases on collateral review . .
." 28 U.S.C. § 2255(f). Burrage was decided on January 27,
2014; however, the instant Petition was not filed until January

27, 2016[5] — two years later.   Thus, it appears that Petitioner's Burrage claim is time barred as beyond the one-year statute of limitations — despite the fact that during this one-year timeframe he filed a second or successive § 2255 motion in the Southern District of Florida based on entirely different grounds. Walker v. United States, No. 14-21738 (S.D. Fl. May 12, 2014).

For these reasons, it would not be in the interest of justice to transfer this Petition to the Court of Appeals for the Eleventh Circuit.

IV.   CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, will be dismissed without prejudice for lack of jurisdiction.

An appropriate Order will be entered.

__s/ Noel L. Hillman_____
NOEL L. HILLMAN
United States District Judge

Dated: June 6, 2016
Camden, New Jersey

---

[5] It is unclear whether the handwritten date of the Petition is January 27, 2016 or January 28, 2016. See (Pet. 8, ECF No. 1); see also Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (under the prison mailbox rule, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing[.]").  For purposes of this Opinion, the Court will assume the earlier date, January 27, is accurate; however, use of the later date, January 28, does nothing to change this Court's analysis.